O’Neall, J.
In this case, we are satisfied, that the commissioner has pursued the proper course, in applying the sums, which the defendant had advanced for his intestate’s estate, in the years 1817, 1818, and 1824, as payments upon the defendant’s bond.
It is true, that the bond formed no part of the defendant’s account, as administrator ; and he might, if he had thought proper, have compelled the complainants to amend their bill, so as to bring all parties, legally interested in the bond, before the Court: but having consented to bring the amount due upon it, into the account before the commissioner, he must abide by that consent; and we consider that debt as now standing, in the account, precisely upon the same footing, as if the complainants had called upon the Court, to compel the defendant to permit his advances for the estate to be considered as payments on his bond.
If this claim bad been made, by a bill properly framed, with all *158 necessary parties, the Court would not have hesitated to have so ordered. For it was the duty of the defendant to have paid his bond t0 l^e commissioner, as the instalments became due; and if he had not funds of the personal estate, sufficient to meet the exigencies of the estate, it was his duty to have applied to the Court, for a part of the proceeds of the real estate, sufficient for this purpose. Being himself the purchaser of the real estate, and at the same time, administrator, he has paid the demands on the estate, out of his own funds ; and the simple question is, whether this ought not to be regarded as a payment, pro tanto, of his bond for the purchase money of the real estate. It is unquestionable that it ought. It is a performance of his duty, without the intervention of the Court. .
Act of 1759, p. h. 2á6.
It is true, that at law these payments could not have been set up in discount; for the demands would not have been in the same right, nor even between the same parties. There, the defendant must have been sued in his own right, and not as administrator; and the commissioner, and not the present complainants, must have been plaintiff. But in this Court, we look to the parties really in terested. The complainants, are the pe.rsons to whom the proceeds of the bond belong; and the advances made by the defendant were for their benefit. It is, therefore, a clear case of mutual demands, existing in equity, between the parties to the suit; and they are to be adjusted in the same way as in other cases of discount.
The Chancellor’s decree, confirming the report of the commissioner, is therefore affirmed.
Harper, J., concurred.
Johnson, J., absent from indisposition.

Decree affirmed.